IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GOOGLE LLC,                      §
                                 §
V.                               §          A-20-MC-0243-LY
                                 §
UNILOC USA, INC.                 §

## ORDER

Before the Court is Petitioner Google LLC's Opposed Motion to Compel Uniloc USA, Inc.
to Comply with Subpoenas on an Expedited Basis (Dkt. No. 1); Unopposed Motion to Seal and
Withdraw (Dkt. No. 3); and Unopposed Motion for Leave to File Sealed Document (Dkt. No. 4).

Google moves to compel nonparty Uniloc USA, Inc. to comply with subpoenas seeking
documents and deposition testimony in numerous patent cases now pending in the Eastern District
of Texas. Those cases are pending between Google and Uniloc 2017 LLC, a company affiliated with
Uniloc USA, Inc. *See Uniloc 2017 v. Google LLC*, Nos. 2:18-CV-491-493, 496, 497, 499, and 501-
04, in the United States District Court for the Eastern District of Texas. The subpoenas were issued
by United States District Judge Rodney Gilstrap, who is presiding over these cases in the Eastern
District. The subpoenas request compliance in Austin, which is located in the Western District of
Texas, where Uniloc USA is subject to service through its registered agent. The response to the
subpoena was due on February 20, 2020, and the deposition in issue was noticed for February 27,
2020. Uniloc USA failed to respond. Uniloc USA and Uniloc 2017, the plaintiff in the numerous
patent disputes, share the same counsel.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by
Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally
speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid

imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.,*

FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which

compliance is required"). Effective December 1, 2013, however, a significant change was made to

Rule 45 through the addition of a new subsection, which states:

> (f) **Transferring a Subpoena-Related Motion**. When the court where compliance
> is required did not issue the subpoena, it may transfer a motion under this rule to the
> issuing court if the person subject to the subpoena consents or if the court finds
> exceptional circumstances.  Then, if the attorney for a person subject to a subpoena
> is authorized to practice in the court where the motion was made, the attorney may
> file papers and appear on the motion as an officer of the issuing court. To enforce its
> order, the issuing court may transfer the order to the court where the motion was
> made.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o

protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations

of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45."

FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes

state further, however, that "transfer to the court where the action is pending is sometimes

warranted," either where the nonparty consents, or where there are exceptional circumstances. *Id.*

In making that decision, the Committee instructs that "the prime concern should be avoiding burdens

on local non-parties." *Id.* The Committee counsels that transfer is appropriate for "exceptional

circumstances" when the interests in having the issuing court being the one to decide the discovery

dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution

of the motion."  *Id.* The Court finds this case presents such exceptional circumstance.

Google represents that it initially attempted to serve the discovery in issue on Uniloc USA

on December 16, 2019, at its purported headquarters in Plano, Texas, but was informed that Uniloc

USA no longer occupied that address. Google then served the discovery on Uniloc USA's registered agent in Austin, Texas, on February 13, 2020. Google states that not only does the discovery relate to the previously noted Eastern District patent case, but is also relevant to several other related patent cases pending in that district, which are presently stayed. *Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-548, 550-553, in the United States District Court for the Eastern District of Texas. Finally, Uniloc USA has filed a Motion for Protective Order regarding both the deposition subpoena and the document subpoenas in the Eastern District of Texas.

Given these facts, the Eastern District's interest in deciding this discovery dispute outweighs Uniloc USA's interest in having the issue decided in Austin. First, Uniloc USA is not located in Austin, but merely maintains a registered agent for service here. Second, Uniloc USA has moved for a protective order for these subpoenas in the Eastern District of Texas, making it clear that it has no concerns about having this dispute decided there rather than in this district. Third, Uniloc USA and Uniloc 2017 share the same counsel, who has already appeared in the underlying litigation. Any burden on a local non-party imposed by transfer to the Eastern District of Texas is nonexistent.

Additionally, the underlying cases are a complicated series of patent cases involving complex relationships between parties and nonparties and their interests in the patents in issue. The interest in having a single court decide all of these issues—the court presiding over the underlying cases—outweighs Uniloc USA's interests in having the issue decided in Austin, especially since Uniloc USA appears to have no such interest. The undersigned is loathe to issue an order that might undermine, interfere or conflict with Judge Gilstrap's management of the underlying cases. Accordingly, transfer of Google LLC's Motion to Compel (Dkt. No. 1) is proper.

IT IS THEREFORE ORDERED that Google LLC's Opposed Motion to Compel Uniloc USA, Inc. to Comply with Subpoenas on an Expedited Basis (Dkt. No. 1); Unopposed Motion to Seal and Withdraw (Dkt. No. 3); and Unopposed Motion for Leave to File Sealed Document (Dkt. No. 4) are HEREBY TRANSFERRED to the United States District Court for the Eastern District of Texas, Marshall Division.

SIGNED this 3rd day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE